IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DEVON ADDISON BLANCHARD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | )   CIV-09-497-M |
| v. | ) |
| | ) |
| LARRY HILL, et al., | ) |
| | ) |
| Defendants. | ) |

REPORT AND RECOMMENDATION

Plaintiff, an Oklahoma prisoner appearing *pro se* and *in forma pauperis*, brings this 42 U.S.C. § 1983 action alleging constitutional deprivations related to the conditions of his confinement. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B). Before the undersigned are the Motions to Dismiss the cause of action pursuant to Fed. R. Civ. P. 12(b)(6) filed by Defendants. (Docs. 28, 29, 30, 31). In an Order entered September 2, 2009, Plaintiff was advised of his opportunity to file his responses to these dispositive motions on or before September 21, 2009. (Doc. # 35). In this same Order, Plaintiff was advised of his obligations under Fed. R. Civ. P. 12(b)(6) and 56 in responding to the Motions to Dismiss. However, to this date Plaintiff has not responded to Defendants' Motions. For the following reasons, it is recommended that the Defendants' Motions to Dismiss, construed as motions for

summary judgment, be granted and that judgment issue in favor of Defendants and against the Plaintiff based on Plaintiff's failure to exhaust administrative remedies.

I. <u>Plaintiff's Claims</u>

In Plaintiff's Complaint, Plaintiff alleges in Count II that he was deprived of his First, Fifth, Eighth, and Fourteenth Amendment rights by the actions of the Defendants. Defendant Hill is identified as a unit manager at the Oklahoma County Detention Center ("OCDC"). Defendants Gurley, Moore, and Locke are identified as detention officers at OCDC. Defendants Johnson and Hendershot are identified as supervisors at OCDC. As factual support for his claims in Count II, Plaintiff alleges he was placed in a "holding cell" at OCDC on February 19, 2008, with his co-defendant, Mr. Creech, who subsequently assaulted Plaintiff by hitting and kicking him, knocking out two of his bottom front teeth. Plaintiff alleges that this placement was "contrary to existing policy" and that calling for assistance from OCDC staff to intervene in the assault was not possible because of the "high level of noise" in the jail.

In a separate incident, Plaintiff alleges in Count II that on April 11, 2008, he was assaulted by Defendant Gurley "who punched Plaintiff three times in the face then slimmed [sic] him into the metal toilet and [sic] cutting open Plaintiff's shin." He alleges Defendant Gurley made several "verbal threats of similar acts of physical attacks" following this incident. In a third incident asserted in Count II, Plaintiff alleges that on May 23, 2008, Defendants Gurley and Moore entered Plaintiff's cell, that Defendant Moore was "provoking Plaintiff to hit him," and that the two officers then moved Plaintiff to a "non-protection pod

without the required authorigation [sic]."

In a fourth incident described in Count II, Plaintiff asserts that on June 27, 2008, "following a verbal exchange of insults" Defendant Johnson entered Plaintiff's cell and "attemped [sic] to provoke a fight with him."  In a fifth incident, Plaintiff alleges in Count II that Defendants Johnson and Locke "target[ed] Plaintiff as the proximate cause" of a cell search in a housing unit at the jail by "advertising that Plaintiff was a 'snitch.'" Plaintiff does not provide a date for this alleged incident.

In a sixth incident described in Count II, Plaintiff asserts that on July 7, 2008, an "exchange of verbal insults" between Plaintiff and Defendant Locke occurred and Defendant Locke then entered Plaintiff's cell with Defendant Johnson, "grabbed Plaintiff and open-hand [sic] slapped Plaintiff three (3) times in the face."  Plaintiff alleges Defendant Hendershot "later took Plaintiff to medical for this incident, to be medically cleared."

In a seventh incident, Plaintiff alleges that on July 17, 2008, Defendant Hendershot "called Plaintiff a 'snitch' openly in the middle of the pod claiming Plaintiff told on cell #22 for some tobacco."  Finally, Plaintiff alleges in Count II that on July 18, 2008, Defendant Gurley threatened to assault Plaintiff while Plaintiff was handcuffed and being escorted to the medical unit for breathing problems.

In Count III of the Complaint, Plaintiff alleges that his Eighth and Fourteenth Amendment rights were violated by Defendant Hill because "Defendant Hill has been well aware of the incidents complained of herein" and has not taken action to "remedy the tirroriging [sic] this Plaintiff is faced [sic] to endure on a regular basis."

In Count I, Plaintiff contends that "no administrative remedy exists" at OCDC because although he "attempted to seek administrative action" by sending Request to Staff forms to Defendant Hill the requests were "either insufficiently answered or totally disregarded" and Plaintiff was not provided grievance forms. Plaintiff's Complaint reflects that he is no longer confined at OCDC and that he is currently incarcerated in the custody of the Oklahoma Department of Corrections at a state correctional facility.[1]

II. Exhaustion of Administrative Remedies

The predominant issue raised by the Defendants is the assertion that Plaintiff's cause of action must be dismissed under Fed. R. Civ. P. 12(b)(6) because he failed to exhaust available administrative remedies at OCDC concerning his alleged constitutional claims. The Prison Litigation Reform Act of 1995 ("PLRA"), enacted in 1996, directs that: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This provision applies "to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). Moreover, exhaustion of administrative

---

[1]Public records show that Plaintiff entered guilty pleas and was convicted on August 6, 2008, of Robbery with a Firearm in six separate cases in the District Court of Oklahoma County, State of Oklahoma v. Creech, et al., Case No. CF-2007-5661, State of Oklahoma v. Hernandez, et al., Case No. CF-2007-5543, State of Oklahoma v. Blanchard, et al., Case No. CF-2007-5539, State of Oklahoma v. Blanchard, et al., Case No. CF-2007-5403, State of Oklahoma v. Blanchard, et al., Case No. CF-2007-5366, and State of Oklahoma v. Blanchard, Case No. CF-2007-5148. www.oscn.net (Docket sheets in above-described cases accessed October 9, 2009).

remedies under the PLRA is required for all inmates seeking relief in federal district court regardless of the type of relief available under the institutional administrative procedure. Booth v. Churner, 532 U.S. 731, 741 (2001).

Although Defendants have moved to dismiss Plaintiff's cause of action pursuant to Fed. R. Civ. P. 12(b)(6), Plaintiff was advised of his obligations in responding to Defendants' Motions pursuant to Fed. R. Civ. P. 12(b)(6) and 56 in light of Defendants' reliance on documentary evidence outside of the pleadings in support of their Motions. Therefore, Defendants' Motions to Dismiss are construed as motions for summary judgment pursuant to Fed. R. Civ. P. 56(c).

Summary judgment may be granted only where the pleadings and documentary materials "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In considering a motion for summary judgment, the court reviews the evidence and inferences drawn from the record in the light most favorable to the nonmoving party. Jiron v. City of Lakewood, 392 F.3d 410, 414 (10th Cir. 2004). A dispute is "genuine" if a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "Material facts" are "facts which might affect the outcome of the suit under the governing law." Id. Additionally, if the moving party demonstrates an absence of evidence regarding an issue on which the nonmoving party will bear the burden of proof at trial, the nonmoving party can defeat summary judgment only by designating with evidence outside of the pleadings "specific facts showing that there is a genuine issue for trial." Celotex Corp.

v. Catrett, 477 U.S. 317, 322 (1986).[2]

In their Motions, Defendants have described the OCDC's three-step administrative grievance procedure, which, pursuant to OCDC policy, is set forth in an Inmate Handbook given to each detainee upon reception into the jail. See Special Report, Ex. 1 (OCDC Inmate Reception and Orientation); Ex. 2 (OCDC Inmate Grievance Procedure); Ex. 3 (OCDC Inmate and Staff Communications/Request to Staff). In this process, the detainee must first submit a Request to Staff form to detention staff and, if not satisfied with the response, the detainee must submit a grievance to staff within fifteen days of the incident about which the detainee is complaining. If the grievance is denied, the detainee may appeal the denial within ten days of receipt of the grievance response.

The undisputed record reflects that Plaintiff filed numerous Request to Staff forms at OCDC during the time period of the alleged constitutional deprivations described in the Complaint. See Special Report, Exs. 4 and 5. However, none of these Request to Staff forms mention the incidents or any injuries sustained as a result of the incidents alleged in the Complaint.[3] In support of Defendants' Motions, Defendants have presented the affidavit of OCDC's Disciplinary and Grievance Coordinator. In this affidavit, the Grievance

---

[2]In a prisoner civil rights case such as this one, the plaintiff's complaint is treated as an affidavit if it allege facts based on the plaintiff's personal knowledge and has been sworn under penalty of perjury. Hall, 935 F.2d at 1111.

[3]In one of Plaintiff's Request to Staff forms dated May 23, 2008, Plaintiff alleges that Defendant Moore (spelled "More" in the form) was "causing strife and division" among the detainees and "placing inmate[s] in unsafe positons [sic]." This Request to Staff form is not specific enough to show that Plaintiff has exhausted administrative remedies as to any allegations in the Complaint involving Defendant Moore.

Coordinator avers that Plaintiff filed no grievances at OCDC in the years 2007 or 2008. A photocopy of the jail's grievance records for 2007 and 2008 provided with the affidavit is consistent with the averment of the OCDC Grievance Coordinator.

Plaintiff's generalized statements in the Complaint that his Request to Staff forms were not answered and grievance forms were not supplied are not sufficient to excuse his failure to exhaust the OCDC administrative grievance process. Plaintiff has provided no support for his generalized assertion that OCDC officials obstructed his ability to complete the administrative grievance process concerning this claims. The record, as set forth in the Special Report, reflects that Plaintiff did not attempt to comply with the administrative grievance process at OCDC concerning his claims asserted in the Complaint. Cf. Jernigan v. Stuchell, 304 F.3d 1030, 1032 (10th Cir. 2002)("An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under [the] PLRA for failure to exhaust his administrative remedies."). Accordingly, Defendants are entitled to summary judgment pursuant to Fed. R. Civ. P. 56(c).[4]

## RECOMMENDATION

Based on the foregoing findings, it is recommended that Defendants' Motions to Dismiss (Docs. 28, 29, 30, and 31), construed as motions for summary judgment, be GRANTED and that judgment issue in favor of Defendants and against the Plaintiff.

---

[4] In light of this recommended disposition, it is not necessary to address Defendants' remaining grounds for dismissal or summary judgment asserted in their Motions to Dismiss.

Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by      November 2nd        , 2009, in accordance with 28 U.S.C. § 636 and LCvR 72.1.  The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this   13th    day of    October   , 2009.

*[signature]*
GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE